630

## PEARCE v. SCOTT.

Court of Appeals of District of Columbia.

Submitted October 3, 1928.   Decided
Nov. 5, 1928.

No. 4683.

Bruce L. Casteel and Thomas O. King, both of Washington, D. C., for appellant.

W. H. Lewis and C. H. Hemans, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.   Appeal from a decree in the Supreme Court of the District enjoining appellant (defendant below) "from the further maintenance of any obstruction or interference with the natural flow or drainage of water from the lands of plaintiff" (appellee here), and for the damages sustained.

The parties are adjoining lot owners in that section of the District of Columbia known as Anacostia.   The lots slope in the same direction, the lot of the defendant being lower than that of the plaintiff, so that surface water resulting from rain or melting snow originally flowed from plaintiff's lot over the lot of the defendant.   In the autumn preceding the filing of the bill, the defendant constructed on his own land a roadway approximately 5 feet wide, 100 feet long, and in places as much as 3 feet high, and directly adjoining the land of the plaintiff.   The construction of this roadway resulted in obstructing the flow of surface water from the premises of the plaintiff, and caused the water to be thrown back and stand upon the property of the plaintiff.   Only waters which are occasioned by rainfall or melting snow are interfered with by this roadway, but when there is a heavy rainfall, or when the snow from a heavy snowfall melts, consider-able water accumulates on the premises of plaintiff and flows into the cellar of his house, causing the house to be damp, and thereby "the health of plaintiff and other members of his family are threatened. * * *" The basis of the decree was the finding by the learned trial justice that the maintenance of this roadway constituted a nuisance.

Baltimore & Ohio R. Co. v. Thomas, 37 App. D. C. 255, involved a similar state of facts.   The railroad company through the construction of its railroad obstructed the flow of surface water and caused the same to remain upon the premises of Thomas, who brought an action for damages.   This court ruled that the common-law doctrine applied in this jurisdiction and that the lower landowner owes no duty to the upper landowner, but may in the ordinary prosecution of his business and the improvement of his premises by embankments or otherwise prevent any portion of the surface water from coming from such upper premises.   Our decision in that case was based upon the ruling of the Supreme Court of the United States in Walker v. N. M. & Southern Pacific Railroad Co., 165 U. S. 593, 17 S. Ct. 421, 41 L. Ed. 837, where the same question was involved, and where the court said: "Does a lower land owner by erecting embankments or otherwise preventing the flow of surface-water on to his premises render himself liable to an upper land owner for damages caused by the stopping of such flow?   In this respect the civil and common law are different, and the rules of the two laws have been recognized in different States of the Union— some accepting the doctrine of the civil law, that the lower premises are subservient to the higher, and that the latter have a qualified easement in respect to the former, an easement which gives the right to discharge all surface-water upon them.   The doctrine of the common law on the other hand is the reverse, that the lower land owner owes no duty to the upper land owner, that each may appropriate all the surface-water that falls upon his own premises, and that the one is under no obligation to receive from the other the flow of any surface-water, but may in the ordinary prosecution of his business and in the improvement of his premises by embankments or otherwise prevent any portion of the surface-water coming from such upper premises."

The court thought it proper to notice the exception to the rule suggested in Bowlsby v. Speer, 31 N. J. Law, 351, 86 Am. Dec. 216, to the effect that it might be "necessary

to modify this general proposition in cases in which, in a hilly region, from the natural formation of the surface of the ground, large quantities of water, in times of excessive rains or from the melting of heavy snows, are forced to seek a channel through gorges or narrow valleys." The court found that the suggested modification of the rule had no application to the case before the court, because "the mountainous district from which these waters flowed was from four to eighteen miles distant from the place of the embankment and the damage."

These decisions, therefore, squarely hold that under the common-law rule the proprietor of the inferior or lower tenement or estate may, if he choose, lawfully obstruct or hinder the natural flow of surface water, and may turn the same back upon or off onto or over the lands of other proprietors, without liability for injuries ensuing from such obstruction or diversion.

In the present case the defendant has not built an obstruction in a gorge or narrow channel, nor has he made an unreasonable use of his land. See Bal. & Potomac R. Co. v. Fifth Bap. Church, 108 U. S. 317, 2 S. Ct. 719, 27 L. Ed. 739. In constructing his roadway he has exercised only his legal right as owner of the land, and, his act being lawful, it furnished no basis for a suit for damages. Having the right to construct and maintain the roadway, he was not open to the charge of maintaining a nuisance any more than as though he had erected a building instead of the roadway.

The decree is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.